CARUTHERS, J.,
delivered the opinion of the Court.
The Chancellor, without regard to the merits, dismissed this bill for champerty. From that decree the appeal was taken, and the question is, whether it was right.
The attorney who instituted the suit was employed by Elias, but it was to recover the rights of the other co-complainants, as well as his own. The contract with the attorney, which is alleged to be champertous, was made by him, and the proof of its existence is by his admissions and statements. If it be made out, it is in violation of law, and being made in behalf of all the parties, though by only one of them, affects the interest of all, and is fatal to the whole suit. Vincent v. Ashley, 5 Hum., 594.
"Whether the champerty is made to appear by the filing of interrogatories, or by bill, as prescribed by the act of 1821, Code, secs. 1781-2-3, or is disclosed by the proof in the cause, the effect is the same. It is made the imperative duty *503 of the Court to dismiss the suit. Webb v. Armstrong, 5 Hum., 380.
It is not material either, whether the illegal agreement or contract he made with an attorney or other person. Weedon v. Wallace, Meigs, 286. But in this case, if the contract was made at all, it was with an attorney.
The contract established in this case by the repeated admissions and declarations of Elias, was, that he was to pay his attorney fifty dollars if the suit was gained, and if lost, nothing. That he thus stated the contract cannot admit of doubt. But it is contended that this is untrue, — that no such conditional contract was made, and the attorney is offered as a witness to disprove it. The Chancellor held him incompetent, and that is the only question.
An attorney, or any other person, charged with champerty, by force of the statute may be compelled to answer a bill or interrogatories as to the charge, notwithstanding the penalties imposed by the statute as well as the criminal law. But this is an exception to the common law rule, that no man shall be compelled to criminate himself, and is only permitted because such is the express provision of the statute. Douglass v. Woods, 1 Swan, 393.
None of these cases, however, or any other in our reports, of which we are aw7are, meet the question now presented. The attorney implicated voluntarily proposes to become a witness to disprove the statements of his client, and prove that no such conditional or champertous agreement was made. It is unnecessary, perhaps, to say that the high character of the gentleman implicated, would secure to whatever he might swear the most implicit confidence. But the question is entirely one of legal competency, and not of credit.
That part of the statute which requires the attorney who participates in such champertous contract to be stricken from the list of attorneys, gives him an opportunity to answer for himself to a bill, or interrogatories. Code, 1783. But the action of the Court in this ease is not against him, but his client, by the dismissal of his bill. He is not called upon to *504 answer, nor is be affected by the decree repelling the complainant from the Court without an investigation of his rights. This is done upon his own confession and statements, voluntarily made. It is proposed to prove for him, and for his benefit, by his attorney’s oath, that what he has said is‘false. It would be very proper, if any proceeding were pending against the attorney for a participation in the unlawful act, admitted by the party, to hear him in his defence. So long as the consequence of his violation of the law is only attempted to be visited upon the party himself, it would seem to be no hardship to deny him the right to introduce evidence to prove his own statements false. But independent of this, we think, upon principle, the attorney is incompetent to prove that his client’s statement is false, and that the illegal agreement was - not in fact made. He is interested in that question because, as a consequence of finding the existence of champerty in the case, the suit is not only dismissed, but he is to be stricken from the roll and disqualified to practice in the Courts of this State for five years. Although this cannot be done without giving him a chance to answer and defend, yet the fact that it does appear in the suit subjects him to the charge as a consequence. He is surely interested, then, in proving that no such agreement was made. We do not, of course, intend to intimate that the.respectable attorney implicated would not state the facts correctly, or that he entered into the illegal contract in relation to his fee, but only decide that he is not competent in law to be a witness on that question, and that by the legal evidence in the cause, the fact is established. Therefore the Chancellor, in obedience to the express mandate of the statute, properly dismissed the suit.
The merits of the case are not open to investigation, and we have not examined, nor do we give any judgment upon them. But simply affirm the decree of the Chancelle^-, upon the ground stated.